PER CURIAM.
The state appeals from an order of the trial court sustaining a demurrer to an information which read in pertinent part:
"That said WILLIAM CRAIG MEYER on or about the 11th day of March, 1977, in the Comity of Hood River, Oregon, then and there being, did knowingly and unlawfully possess marijuana, contraband, while confined in the Hood River County Jail, a correctional facility, contrary to the statutes in such case made and provided and against the peace and dignity of the State of Oregon.”
ORS 162.135(1) and (2) read:
"(1) 'Contraband’ means any article or thing which a person confined in a correctional facility, juvenile training school or state hospital is prohibited by statute, rule, regulation or order from obtaining or possessing, and whose use would endanger the safety or security of such institution or any person therein.
"(2) 'Correctional facility’ means any place used for the confinement of persons charged with or convicted of a crime or otherwise confined under a court order. 'Correctional facility’ does not include a juvenile training school, and applies to a state hospital only as to persons detained therein charged with or convicted of a crime, or detained therein after acquittal of a crime by reason of mental disease or defect under ORS 161.295 to 161.380.”
ORS 162.185 provides:
"(1) A person commits the crime of supplying contraband if:
"(a) He knowingly introduces any contraband into a correctional facility, juvenile training school or state hospital; or
"(b) Being confined in a correctional facility, juvenile training school or state hospital he knowingly makes, obtains or possesses any contraband.
"(2) Supplying contraband is a Class C felony.”
*[106] The information alleges that marihuana was contraband. It follows that the information was sufficient as a matter of law to allege violation of ORS 162.185.
Reversed and remanded.